UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IAN LEMONS,<br><br>        Plaintiff,<br><br>v.<br><br>GARY LANIGAN, et al.,<br><br>        Defendants. | Civil Action No. 17-4224-BRM-DEA<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are: (1) Plaintiff Ian Lemons's ("Plaintiff") Complaint alleging civil rights claims against several New Jersey Department of Corrections officials ("DOC officials") (ECF No. 1); and (2) Plaintiff's application for leave to proceed *in forma pauperis*. (ECF No. 1-1.) Because leave to proceed *in forma pauperis* is warranted in this matter, this Court **GRANTS** Plaintiff's application to proceed *in forma pauperis*. Because this Court is granting that application, this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as time barred.

**I.    BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint (ECF No. 1), and are assumed to be true for the purposes of this Opinion. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff asserts claims against Gary Lanigan, Commissioner of the New Jersey Department of Corrections, and various current and former officials at New Jersey State Prison. (ECF No. 1 ¶¶ 4-11.) Specifically, Plaintiff challenges the automatic withdrawal of court

fees, judicially imposed fines, and restitutionary payments from his prison trust account without a pre-withdrawal hearing. (*Id.* ¶¶ 13-23, 30.) Plaintiff alleges he arrived at the New Jersey State Prison in August 2005, and noticed within a month of his arrival, money was taken out of his account to pay court fines, without notice or an opportunity to be heard. (*Id.* ¶ 13.) Plaintiff further alleges these withdrawals have continued and all filed grievances regarding these withdrawals have been denied. (*Id.* ¶¶ 14-23.)

## II. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. Because Plaintiff has been granted *in forma pauperis* status (*see* ECF No. 6) and is a state prisoner seeking damages from state agencies (*see* ECF No. 1), this action is subject to *sua sponte* screening for dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common

sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III. DECISION

Plaintiff asserts claims against various current and former prison and DOC officials pursuant to 42 U.S.C. § 1983 based on the withdrawal of court ordered fines and fees from his inmate account without a pre-derivation hearing. (ECF No. 1 ¶¶ 4-11.) Plaintiff contends these withdrawals are a deprivation of property without a pre-deprivation hearing in violation of the Due Process Clause of the Fourteenth Amendment. (*Id.* ¶ 30.) "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (noting that § 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a [§] 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)).

The Third Circuit has held under certain circumstances, state prisoners are entitled to some level of pre-deprivation procedure prior to the initial withdrawal of court ordered fines and fees from their prison accounts. *See, e.g., Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 486 (3d

Cir. 2016) (holding due process, at minimum, requires "inmates to be informed of the terms of [prison policies requiring the automatic deduction of fines] and the amount of their total monetary liability to the [State] . . . before the first deduction"). Even assuming, *arguendo*, Plaintiff has sufficiently pled such a claim for relief under the Due Process Clause, his current claim accrued by September 2005, and thus appears to be time barred. *Id.* at 480-82.

Claims bought pursuant to 42 U.S.C. § 1983 in New Jersey are subject to a two-year statute of limitations. *Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). "Under federal law, a cause of action accrues and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citations omitted). In *Montanez*, the Third Circuit held, with regard to deductions from inmate accounts, "an alleged violation of [an inmate's] Fourteenth Amendment right to due process occur[s] at the moment he was deprived of his property interest without notice and a pre[-]deprivation hearing (i.e., when [prison] employees seized the money in his inmate account)." *Montanez*, 773 F.3d at 480 (alterations in original) (citation omitted). The court further held the continuing violation doctrine, which tolls a statute of limitations "when a defendant's conduct is part of a continuing practice" does not apply to a plaintiff's deprivation claim if the plaintiff was "aware of the injury at the time it occurred." *Id.* at 480-81. Therefore, if the plaintiff was aware of the government seizure of his funds from his inmate account very shortly after it first occurred, the continuing violation doctrine would not apply. *Id.* at 481. The Third Circuit further rejected the continuing violation doctrine "based on the fact that the DOC continued to make deductions from his account" because a "continuing violation is occasioned by continual unlawful *acts*, not continual ill effects from an original violation." *Id.* (citation omitted). In *Montanez*, the "DOC's decision to enforce the DOC Policy against [the inmate] and its first deduction from his prison

5

account constituted a discrete and independently actionable act, which triggered [his] obligation to assert his rights." *Id.* Therefore, the fact that a prison makes subsequent deductions does not make out a continuing violation. *Id.* (citation omitted).

Here, Plaintiff asserts the first deduction occurred within a month of his arrival at the prison in August 2005. (ECF No. 1 ¶ 13.) Accordingly, Plaintiff's claim accrued by September 2005, and his two year limitations period expired in September 2007. Because Plaintiff has presented no basis for tolling of the limitations period, and the Court perceives no such basis from the facts alleged in Plaintiff's Complaint, this matter is time barred. Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, and Plaintiff may file an amended complaint addressing the tolling issue within thirty (30) days.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application for leave to proceed *in forma pauperis* is **GRANTED**, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** as time barred, and Plaintiff is granted leave to file an amended complaint within thirty (30) days to address tolling the statute of limitations. An appropriate order will follow.


Date: August 9, 2017      */s/ Brian R. Martinotti*
    **HON. BRIAN R. MARTINOTTI**
    **UNITED STATES DISTRICT JUDGE**