UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IAN LEMONS, | Civil Action No. 17-4224-BRM-DEA |
| Plaintiff, | |
| v. | **OPINION** |
| GARY LANIGAN, et al., | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Plaintiff Ian Lemons's ("Plaintiff") motion for reconsideration (ECF No. 5) addressing this Court's Order and Opinion dismissing Plaintiff's complaint (ECF No. 1) as time barred (ECF Nos. 3-4). For the reasons set forth below, Plaintiff's motion (ECF No. 5) is **DENIED**.

## I. BACKGROUND

As the explained in the Court's previous opinion, Plaintiff's Complaint brought claims against Gary Lanigan, commissioner of the New Jersey Department of Corrections, and various current and former officials at New Jersey State Prison. (ECF No. 1 at 1-5.) Plaintiff specifically sought to challenge the automatic withdrawal of court fees, judicially imposed fines, and restitutionary payments from his prison trust account without a pre-deprivation hearing. (*Id.* at 5-10.) According to the Complaint, Plaintiff arrived at the prison in August 2005 and noticed the court-ordered fines and fees began to be removed from his account within a month, without notice or an opportunity to be heard. (*Id.* at 5.) Plaintiff further alleged these withdrawals have continued since that time, and the remaining court ordered fines and fees continue to be removed from his account, and that all filed grievances regarding these withdrawals have been denied. (*Id.* at 5-10.)

1

## II. LEGAL STANDARD

Plaintiff asserts in his motion that he is seeking reconsideration of the dismissal of his complaint, purportedly pursuant to Federal Rule of Civil Procedure 60(b). Motions for reconsideration, however, are controlled by either Local Civil Rule 7.1(i) or Federal Rule of Civil Procedure 59(e). Whether brought pursuant to Local Civil Rule 7.1(i) or pursuant to Federal Rule of Civil Procedure 59(e), the scope of a motion for reconsideration is extremely limited, and such motions should only be granted sparingly. *Delanoy v. Twp. Of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (as to Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (as to Rule 59(e)). An order of the Court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235106 at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to 59(e) motions). In the reconsideration context, a manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2 n.3 (D.N.J. 2011). Reconsideration motions may not be used to relitigate old matters or to raise arguments or present evidence or allegations that could have been raised prior to entry of the original order, and courts should only grant such a motion where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Delanoy*, 2015 WL 2235106 at *2.

To the extent that Petitioner is seeking relief from this Court's dismissal of his complaint pursuant to Rule 60(b) rather than merely seeking reconsideration, that rule "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and that legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

### III. DECISION

In his motion for reconsideration, Plaintiff argues the Court erred in dismissing his complaint as time barred. As this Court previously explained, Plaintiff's complaint contained a single claim – that the withdrawal of money to pay court ordered fines and fees from his prison inmate account without pre-withdrawal procedures violated his right to Due Process under the Fourteenth Amendment. *See Montanez v. Sec'y Penn. Dep't of Corr.*, 773 F.3d 472, 486 (3d Cir. 2016) (holding that Due Process, at minimum, requires "inmates to be informed of the terms of [prison policies requiring the automatic deduction of fines] and the amount of their total monetary liability to the [State] . . . before the first deduction"). Claims bought pursuant to 42 U.S.C. § 1983 in New Jersey are subject to a two year statute of limitations. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). The Third Circuit explained in *Montanez*:

> The date of accrual in a § 1983 action is determined by federal law. *Kach* [*v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)]. Under federal law, a cause of action accrues "'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Id.* (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)). . . .
>
> . . . This Court has previously noted with regard to deductions from inmate accounts that an "alleged violation of [an inmate's] Fourteenth Amendment right to due process occur[s] at the moment he was deprived of his property interest without notice and a predeprivation hearing (i.e., when [prison] employees seized the money in his inmate account.)" *Higgins v. Beyer*, 293 F.3d 683, 694 n. 3 (3d Cir. 2002). Following this rule, [the plaintiff's] alleged injury occurred . . . when the DOC first deducted funds from his account.[] It was at this point that the DOC deprived [the plaintiff] of his property interests allegedly without due process. [The plaintiff] "knew or should have known of" his injury within a month of the first deduction [when] he received an inmate account statement that reflected the debit from his account. *See Kach*, 589 F.3d at 634.

*Montanez*, 773 F.3d at 480.

As Plaintiff acknowledged in his complaint and in his certification attached to his complaint, the prison first began taking money out of his account within a month of his arrival, and continued to take the money out of his account to pay court ordered fees and fines "each month" thereafter. (ECF No. 1 at 5-6 and ECF No. 1-2 at 8). Plaintiff does not dispute this fact in his current motion, but instead argues he should not be time barred for two reasons: (1) because he alleges he did not know it was the prison, but rather thought it was the court that was deducting the money from his account; and (2) because "it was not clearly established law in this court that" a claim such as his was cognizable at the time of his initial injury.

Turning first to Plaintiff's argument that his claim was "clearly established" in 2005, the Court notes that the Third Circuit explicitly rejected such an argument in *Montanez*. The Third Circuit explained:

4

> [The plaintiff] argues that his cause of action did not accrue until he should have known that his due process rights had been violated. This is not correct; a cause of action accrues upon "a plaintiff's discovery of the actual, as opposed to the legal, injury. . . ." *Oshiver v. Levin*, *Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994). [The plaintiff's] actual injury occurred on the date that funds were deducted from his inmate account.

*Montanez*, 773 F.3d at 480 n.4. Therefore, the Third Circuit has made clear accrual is not based on the recognition of a class of claims by the courts, but rather rests on the question of injury – in this case the withdrawal of funds from Plaintiff's account without a hearing in 2005. Indeed, the Third Circuit found Montanez's similar claim had accrued five years before Plaintiff's claim, in 2000. That the Third Circuit had not yet fully discussed such a claim is of no moment and does not provide for a later running date for the statute of limitations. *Id.*

In his remaining arguments, Plaintiff argues his complaint should not be time barred because he is entitled to tolling of the statute of limitations pursuant to New Jersey's discovery rule for a variety of reasons, including: (1) his belief that the state courts were withdrawing the funds; (2) he was illiterate at the time of his incarceration and did not receive his G.E.D. until March 2017; and (3) he was not informed of the official policy requiring deductions from his account to pay court fees and fines until April 2017 when another inmate informed him that withdrawal of funds without a pre-deprivation hearing was improper. While federal law controls the accrual date for § 1983 actions, state law equitable tolling principles, including the New Jersey discovery rule, apply to § 1983 claims arising out of New Jersey where they are not inconsistent with federal law. *See, e.g., Dique v. New Jersey State Pol.*, 603 F.3d 181, 185 (3d Cir. 2010). The New Jersey discovery rule "postpones a claim from accruing if a plaintiff is reasonably unaware that he has suffered an injury or, even though he is aware of the injury, that it was the fault of an identifiable person." *Id.* (citing *Caravaggio v. D'Agostini*, 765 A.2d 182, 187 (N.J. 2001)). In other

words, the discovery rule postpones accrual "until the 'injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered[,] that he may have a basis for an actionable claim.'" *Id.* (quoting *Lopez v. Sqyer*, 300 A.2d 563, 565 (N.J. 1973)). The New Jersey discovery rule is applied objectively – "the question in a discovery rule case is whether the facts presented would alert a reasonable person, exercising ordinary diligence, that he . . . was injured due to the fault of another" – and, therefore, is not subject to a given Plaintiff's subjective infirmities. *Caravaggio*, 765 A.2d at 186-87.

Because the discovery rule is applied objectively, Petitioner's illiteracy and lack of G.E.D. until 2016 is immaterial, as is Petitioner's assertion that he was not told about the nature of the claim he might have by a paralegal in 2017. The sole question regarding discovery is whether a reasonable person, acting with ordinary diligence, should have known of Plaintiff's injury and that the injury was due to the fault of another – be it the courts or the prison and its staff – prior to June 7, 2015, two years prior to the filing of Plaintiff's complaint. According to Plaintiff himself, Plaintiff became aware of the deductions within a month of his arrival at the prison when he received account statements detailing the deductions made to pay fines and fees. Plaintiff's injury, *i.e.*, that his money was removed without pre-deprivation process, was known to Plaintiff in 2005, at which time Plaintiff also became aware the injury was "due to the fault of another," regardless of who that may be. *See Caravaggio*, 765 A.2d at 186-87. Even so, Plaintiff could have learned of the prison's withdrawal policy using reasonable due diligence upon learning of the deductions in 2005.

Because Plaintiff's injury and the fault of the prison and its employees was clearly discoverable through reasonable diligence and ordinary diligence more than seven years before Plaintiff filed his current complaint, it is clear that this Court did not err in finding that Plaintiff's

complaint was time barred and dismissing it as such. Because this Court did not err in dismissing Plaintiff's complaint as time barred, and because Plaintiff has not provided any other valid basis for reconsideration, Plaintiff has failed to establish his entitlement to reconsideration. Therefore, to the extent his motion is brought pursuant to either Local Rule 7.1(i) or Rule 59(e), it is **DENIED**. *Delanoy*, 2015 WL 2235106 at *2; *Blystone*, 664 F.3d at 415. To the extent Plaintiff seeks relief under Rule 60(b), Plaintiff has failed to show any error, fraud, mistake, or other special circumstance warranting relief from this Court's judgment, and his motion is **DENIED**. *See, e.g., Gonzalez v. Crosby*, 545 U.S. at 529; *Jones*, 2015 WL 3385938, at *3.

### IV. CONCLUSION

For the reasons stated above, Plaintiff's motion (ECF No. 5) is **DENIED**. An appropriate order will follow.


Dated:   March 9, 2018

                                        */s/ Brian R. Martinotti*_____
                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**